979 F.2d 854
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Trevor Michael EDWARDS, Petitioner-Appellant,
v.
Robert BORG, Warden; Attorney General of the State of
California, Respondents-Appellees.
 No. 91-56416.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 4, 1992.*
Decided Nov. 16, 1992.
 
 Before SCHROEDER, FLETCHER and PREGERSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Trevor Michael Edwards, a California state prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2254 habeas petition. We have jurisdiction under 28 U.S.C. § 2253 and review the denial de novo. Norris v. Risley, 878 F.2d 1178, 1180 (9th Cir.1989). We affirm.
 
 
 3
 Edwards contends that the district court erred in determining that Barrington Hibbert, a witness at Edwards's first trial, was unavailable to testify at the second trial and therefore there was no sixth amendment violation in reading his testimony from the first trial into the record. The trial court found that Hibbert was unavailable and that the prosecutor used due diligence in attempting to locate Hibbert. The court's fact findings are entitled to a presumption of correctness. 28 U.S.C. § 2254(d); Sumner v. Mata, 449 U.S. 539, 551 (1986).
 
 
 4
 Reading prior testimony of a witness into evidence does not violate the sixth amendment right to confront witnesses if the prosecution demonstrates that the witness is unavailable and the testimony bears sufficient indicia of reliability. Ohio v. Roberts, 448 U.S. 56, 65-66 (1980). The prosecution, in order to show that the witness is unavailable, must make a good faith effort to locate the witness. Id. at 74. Prior testimony is considered reliable if the witness was subject to cross-examination. Dres v. Campoy, 784 F.2d 996, 1001 (9th Cir.1986).
 
 
 5
 Here, the trial record shows that the prosecution made numerous attempts to locate Hibbert after he failed to appear in court pursuant to a subpoena served upon him. The district court, in reviewing the record, found that the prosecution made a good faith effort in attempting to locate Hibbert. Furthermore, the court found that Hibbert's prior testimony was reliable because he was cross-examined during the first trial. We agree with the holding of the district court that Edwards's sixth amendment right to confrontation was not violated, and therefore affirm. See Roberts, 448 U.S. at 66; Acosta-Huerta v. Estelle, 954 F.2d 581, 586 (9th Cir.1992).
 
 AFFIRMED
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3